**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ALLEN CHARLES DAY,

      Defendant-Appellant.

No. 06-6107

(D.C. No. CR-99-149-T/CIV-02-962-T)
(W. D. Oklahoma)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

Allen Charles Day, a federal prisoner, seeks a certificate of appealability (COA) in order to challenge the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Because Day has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request and dismiss the matter.

I.

Day was indicted by a federal grand jury in September 1999 on four criminal counts: conspiracy to possess with intent to distribute, and to distribute, in excess of fifty

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

grams of methamphetamine in violation of 21 U.S.C. § 846, and three counts of knowingly and intentionally distributing a listed chemical (pseudoephedrine) knowing the chemical would be used to manufacture methamphetamine in violation of 21 U.S.C. § 841(d)(2). Day was convicted by a jury of all four counts, and was sentenced to concurrent terms of imprisonment of 240 months. Day filed a direct appeal challenging the denial of his motion to suppress inculpatory statements he made to law enforcement agents and the grand jury. We affirmed the judgment of the district court, United States v. Day, 16 Fed. Appx. 956 (10th Cir. 2001), and the Supreme Court denied Day's petition for writ of certiorari. Day v. United States, 534 U.S. 970 (2001).

On July 11, 2002, Day filed a pro se § 2255 motion asserting various claims of ineffective assistance on the part of the attorney who represented him at trial and on direct appeal. After briefing was completed on Day's motion, the district court issued an order appointing counsel to represent Day and granting him a limited evidentiary hearing on certain of his claims. Day's appointed counsel obtained a psychiatric evaluation of Day and subsequently filed a supplement to the § 2255 motion in order to add an additional claim of ineffective assistance, i.e., that Day's trial counsel was ineffective "for failing to investigate . . . Day's mental health background in a way that would allow him to explain critical legal issues to him and present evidence that, at trial, would go to . . . Day's culpability, or, at sentencing, would allow him to make a meaningful motion for downward departure related to that mental condition." ROA, Doc. 117 at 1.

The government responded by moving for a psychiatric examination of Day in

order to determine whether (a) he was suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, (b) he was insane at the time of the offenses of conviction or, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts, and (c) he suffers from a significantly reduced mental capacity to the extent defined in U.S.S.G. § 5K2.13. The district court granted the government's motion and ordered that Day "be examined by at least one qualified psychiatrist or psychologist . . . ." Id., Doc. 120 at 1-2.

On January 26, 2006, the parties stipulated to two expert reports regarding Day's mental status. Id., Doc. 138. In the first report, the psychiatrist hired by Day, Dr. Edward Gripon, opined that Day exhibited mild mental retardation, had a limited ability to write, read, and understand, and "[h]is concepts in regard to his . . . legal proceedings . . . [we]re, at best, unsophisticated and primitive." Id., Exh. 1 at IV. In the second report, the government's expert witness, forensic psychologist James Bernhardt, opined, in pertinent part, that Day (a) exhibited a "borderline range of intellectual functioning" that was "most likely a reflection of a learning disability or significant education deficiency,"[1] id., Exh. 2 at 8, (b) "demonstrated an adequate ability to understand the nature and consequences of the court proceedings against him, as well as an adequate ability to properly assist counsel in his defense," id. at 9, (c) "Day's account of his history, along

_____

[1] It is uncontroverted that Day's parents were migrant farm workers who regularly traveled up and down the west coast of the United States, in turn causing Day to have to transfer from school to school during his childhood.

with information from the psychological tests and supplemental records, suggest[ed] an awareness of the nature, quality, or wrongfulness of his actions during the time period of the offense," id. at 11, (d) "there was no evidence to indicate that . . . Day suffered from a significantly reduced mental capacity with respect to the instant offense applicable to the Diminished Capacity standard," id., and (e) "there is no evidence to indicate that . . . Day suffers from a mental disorder that significantly impairs his present ability to understand the nature and consequences of the court proceedings against him, or cooperate and assist counsel in his defense." Id. at 12.

On February 8, 2006, the district court conducted a limited evidentiary hearing, during which it heard testimony from Day and his trial/appellate counsel, and admitted the above-described reports, along with portions of the transcripts from Day's pretrial hearing, trial, and sentencing. On March 3, 2006, the district court issued a written order denying Day's § 2255 motion. In doing so, the district court found that Day's trial counsel met with Day before trial, explained to Day the likely Sentencing Guidelines calculations, and discussed with Day the possibility of pleading guilty and the potential benefit from an adjustment for acceptance of responsibility. The district court further found that, in doing so, Day's trial counsel "knew [Day] had a limited education and a limited ability to read," and therefore "took extra time in explaining things to make sure [Day] understood." Id., Doc. 143 at 5. As for counsel's alleged failure to investigate Day's mental health background, the district court first "accept[ed] the opinion of Dr. Bernhardt" on the grounds that his evaluation was more "rigorous" than that of Dr.

-4-

Gripon. Id. at 13. "Dr. Bernhardt's opinion," the district court concluded, "establish[ed] that [Day]'s level of functioning gave [his trial counsel] no reason to question his mental competence." Id. The district court further noted that even Dr. Gripon's evaluation "merely showed 'limited sophistication' and 'limited ability to write, read, and understand,'" and that the record established that Day's trial counsel "was aware of these limitations and took them into account in representing" him. Id. In this regard, the district court found "fully credible [trial counsel's] testimony that he made his best effort to explain court proceedings and issues to [Day] in simple terms and gave [Day] a full opportunity to seek clarification of anything he did not understand." Id. at 13-14. Moreover, the district court found "no evidence to suggest that a reasonable defense attorney would have requested a mental health evaluation of [Day] or otherwise investigated mental health issues." Id. at 14. Further, the district court found that trial counsel actually attempted to utilize Day's intellectual limitations "when pertinent to the issues in th[e] case, such as the voluntariness of [Day]'s self-incriminating statements and his role in the offense." Id. In sum, the district court concluded that trial counsel's performance did not fall below "prevailing professional norms . . . ." Id.

Day filed a timely notice of appeal from the district court's order denying his § 2255 motion. Because the district court did not address the issuance of a COA, the district court is deemed, pursuant to Tenth Circuit Rule 22.1(C), to have denied Day a COA.

II.

The denial of a motion for relief pursuant to § 2255 may be appealed only if the district court or this court first issues a COA.  28 U.S.C. § 2253(c)(1)(B).  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

In order to prevail on an ineffective assistance of counsel claim, a defendant must first "show that counsel's performance was deficient."  Strickland v. Washington, 466 U.S. 668, 687 (1984).  "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Id.  "Second, the defendant must show that the deficient performance prejudiced the defense."  Id.

After reviewing Day's appellate brief and the record on appeal, we are not persuaded that Day has established his entitlement to a COA.  Although Day takes issue with the district court's ultimate rejection of the ineffective assistance claim asserted in his supplement to the § 2255 motion, he makes no attempt to challenge the factual findings that underpin the district court's legal conclusions.  More specifically, he does not challenge the district court's finding that Dr. Bernhardt's opinions regarding his

mental status were more rigorous, and thus more persuasive, than those of Dr. Gripon, nor does he challenge the district court's acceptance of his trial counsel's testimony at the evidentiary hearing.[2] Further, Day does not dispute the district court's finding that his trial counsel actually attempted to capitalize on Day's intellectual limitations at relevant points in the trial proceedings. Given these factual findings, we in turn conclude that no reasonable jurist could have disagreed with the district court's conclusion that the performance of trial counsel was within the range of competence demanded of attorneys in criminal cases.

The request for a COA is DENIED and the matter is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[2] After closely examining the two expert reports and the transcript of the evidentiary hearing, we are not persuaded that Day could have successfully challenged the district court's findings in this regard had he attempted to do so.